Darlene Jackson
4307 E. Alta Vista
Phoenix AZ 85042
(602) 668-1309

FILED ___ LODGED
___ RECEIVED ___ COPY
SEP 2 5 2020
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darlene Jackson,<br><br>            Plaintiff,<br><br>v.<br><br>Mesa Community College;<br>Dr. Sonya Pearson;<br>Cynthia K. Jepsen;<br>Shanel Carter,<br><br>            Defendant(s). | CASE NUMBER: **CV20-01869-PHX-DWL**<br><br>**COMPLAINT** |

## Jurisdiction

This court has jurisdiction over this matter pursuant to the jurisdiction of this Court is invoked pursuant of the Fourteenth Amendment, Section 1; All person born or naturalized in United States and subject to jurisdiction thereof, are citizens of the United States and the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States: nor shall any State deprive any person of life, liberty and property without due process of law; nor deny any person within jurisdiction the equal protection of the law. §§ 42 U.S.C 1983. The plaintiff is a resident of Phoenix, Maricopa County, AZ and a citizen of the United States. The defendant, Mesa Community College, is a resident of Mesa, AZ and a citizen of the United States. The defendant, Dr. Sonya Pearson, is a resident of Mesa, AZ and a citizen of the United States. The defendant, Cynthia Jepsen, is a resident of Mesa, AZ and a citizen of the United States. The defendant, Shanel Carter, is a resident of Mesa, AZ and a citizen of the United States. The cause of action arose in the Phoenix division.

## Complaint

On 11/29/2019 Plaintiff sent 2 letters to Shanel Carter, one letter discussed alleged violations by Nursing Department Representatives and the second letter was a summary of Plaintiff's previous interactions with nursing department representatives. Plaintiff met with Defendants, Cynthia Jepsen and Shanel Carter on 11/30/2018 to file a formal complaint against Mesa Community College Nursing Department on the

grounds of retaliation, hostile environment, and bias treatment. After the initial meeting Plaintiff sent information to Defendant Chanel Carter on 12/1/2018 alleging abusive language against Plaintiff religious beliefs, by Nursing Department Staff. During the investigation Plaintiff sent a complaint on 12/7/2018 via email to Defendants Cynthia Jepsen and Shanel Carter informing Defendants that Nursing Instructor Mary Boyce sent email to Plaintiff on 12/7/18 and also met with Plaintiff on same day. Email and meeting between Mary Boyce and Plaintiff were in regards to Plaintiff signing exiting paperwork. Mary Boyce reported in the email and during meeting with Plaintiff that Respondent Diane Dietz, instructed her to schedule meeting with Plaintiff for the signing of exiting paperwork. Plaintiff 's email to Defendants Cynthia Jepsen and Shanel Carter on 12/7/2018 stated Plaintiff's concern of harassment and Plaintiff alleged violation of the right to have an investigation free of intimidation, harassment and coercion. Plaintiff also attached U.S Code to email. On 12/8/2018 via email Plaintiff informed Defendants Cynthia Jepsen and Shanel Carter of how Plaintiff felt harassed and intimidated and how Plaintiff feared retaliation from Nursing Department the day of ceremony. On 12/10/2018, graduation day, Plaintiff received call from Dr. Rodney Holmes and he reported investigation was complete and the decision was not in Plaintiff's favor, therefore Plaintiff would not be graduating. Plaintiff phoned Maricopa County District Office and left message with Deric Hall asking for assistance regarding investigation. Mr. Hall returned call to Plaintiff on 12/11/2018. Plaintiff was informed by Mr. Hall that Plaintiff should have received a copy of the investigative report. Plaintiff was informed that Plaintiff should ask for a copy because a copy should have been sent to Plaintiff. Plaintiff on 12/11/2018 requested a copy of the investigative report from Defendant Cynthia Jepsen. Defendant Cynthia Jepsen informed Plaintiff the investigative report was not complete. Defendant Cynthia Jepsen advised Plaintiff that Plaintiff could retrieve a copy the investigative report from Dr. Rodney Holmes or Respondent Diane Dietz. Per email to Plaintiff from Defendant Cynthia Jepsen, Respondent was listed in same correspondence as investigative team and Plaintiff was told by Defendant Cynthia Jepsen to follow up with the Respondent Diane Dietz, in the same manner Plaintiff would follow up with other members of the investigative team. Plaintiff never received a copy of the initial investigative reported (formal or informal). Even without a copy of the initial investigative report, Plaintiff submitted a reconsideration requests to Defendant Dr. Sonya Pearson on 12/20/2018. In the reconsideration letter Plaintiff sited concerns about Defendant Cynthia Jepsen practices during the initial investigation and Plaintiff alleged civil right violations based on color, religion disability along with allegations of retaliation and hostile school environment. In an email to Defendant Dr. Sonya Pearson on 1/11/2019, Plaintiff stated concerns about nursing department having information about the first decision prior to Plaintiff. Plaintiff explained how Plaintiff was called in during the initial investigation to sign exiting paperwork. Plaintiff, in same the email informed Defendant Dr. Pearson, how Diane Dietz, the Respondent advised nursing staff to have Plaintiff come to office to sign exiting paperwork. Plaintiff believed and alleged that Diane Dietz was either informed about the outcome

first or violated Plaintiff's rights to have an investigation free of intimidation, harassment and coercion. This complaint was never investigated or discussed in final investigative report. On 2/23/2019 Plaintiff received a copy of the Final Investigative Report via mail. Plaintiff, on 2/23/2019 emailed Defendant Dr. Pearson and asked for a copy of the initial investigative report. On 2/24/2019 Defendant Dr. Pearson sent an email to Plaintiff reporting the following, "The report you have is the initial and final investigation. "Plaintiff as of today has never received written proof that information in the initial investigation was credible or fair because Plaintiff never received a copy of the initial investigative report. Upon review of the final investigative report Plaintiff to the best of her knowledge, believes that the due process was not fundamentally fair. Plaintiff was not given the opportunity to be heard during the initial investigation. Plaintiff was never informed of information that was alleged against her. Plaintiff was not given the opportunity to challenge information due to never receiving a copy of initial investigation or being informed during initial investigation of information against Plaintiff. Plaintiff not afforded an impartial tribunal. Respondent, Diane Dietz, during initial investigation given same privileges as investigating committee. Defendant Cynthia Jepsen improperly reported some of the allegations and did not investigate majority of the allegations. Plaintiff sent emails to Defendant Shanel Carter on 11/29/2018 listing allegations of bias treatment, hostile environment and retaliation. Plaintiff met with Defendant Cynthia Jepsen and Shanel Carter on 11/30/2018 to file initial formal complaint. Plaintiff gave examples of alleged bias treatment, hostile environment, and retaliation. On 12/1/2018 Plaintiff sent email to Defendant Shanel Carter regarding alleged degrading religious comment. On 12/7/2018 Plaintiff sent email to Defendants Cynthia Jepsen and Shanel Carter regarding alleged harassment during open investigation. Reconsideration letter was sent to Dr Sonya Pearson on 12/20/2018 stating allegations of harassment, hostile school environment, bias treatment, retaliation, racial discrimination, religious and disability discrimination. Plaintiff sent emails along with reconsideration letter that supported what Plaintiff believed, to the best of her knowledge, showed continuous maladaptive treatment towards Plaintiff. In the reconsideration letter Plaintiff voiced concerns about Defendant Cynthia Jepsen practices during initial investigation and to the best of Plaintiff knowledge her concerns were not addressed and Defendant Cynthia Jepsen remained as the investigator. Plaintiff sent email to Defendant Dr. Sonya Pearson and Dr. Rodney Holmes regarding concerns about the investigation being fair and feeling harassed during initial investigation by Nursing Department staff. Even with all the emails Plaintiff sent to Defendants discussing allegations and concerns Plaintiff was told in an email on 2/24/2019, written by Defendant Sonya Pearson the following, "Per your request, Ms. Jepsen's and Ms. Carter's interview with you was evaluated further to ensure each complaint was properly documented and investigated. There was no change in the initial report of no policy violations." In reviewing the initial investigation, it shows, Plaintiff's witnesses were never interviewed and individuals Plaintiff listed as alleged violators were never interviewed regarding allegations. Defendant Dr. Sonya Pearson had Plaintiff complete

student record request in order to request a copy of investigative report. Plaintiff was made to complete form twice. Second form Plaintiff was told via phone call on 2/8/2019 in which Dr. Pearson called Plaintiff, to add, that Plaintiff was requesting a copy of the investigative report. Dates listed by Defendants Cynthia Jepsen and Dr. Pearson are inaccurate. For example, date of initial investigation is November 30,2018. This is the date Plaintiff met with Defendants Cynthia Jepsen and Shanel Carter to file complaint. Written in the final investigative report, Defendant Dr. Sonya Pearson listed the wrong dates for when the initial investigation and when the reconsideration request was made. Policy codes listed in the report were incorrect. Defendant Cynthia Jepsen used unrelated policy to evaluate Plaintiff's allegation of hostile environment. Policy used by Defendant Cynthia Jepsen was based on sexual harassment violations. Defendant Dr. Pearson reported that Plaintiff's allegation of hostile environment was not connected to a protected class. Per reconsideration letter to Defendant on 12/20/2018 Plaintiff listed allegations of discrimination based on race, disability and religion and also alleged how Plaintiff viewed environment as hostile due to treatment. Defendant Cynthia Jepsen never asked Respondent Diane Dietz about allegations against her. Defendant Cynthia Jepsen gives her opinion about some of Plaintiff allegations but shows no evidence that supports if allegations were substantiated or not. Defendants Cynthia Jepsen and Dr. Sonya Pearson both admit in the report that Plaintiff was treated differently than other students but report that Plaintiff's complaints were not proven.

**Demand**

Plaintiff is seeking, $157,465.00 for each allegation, the amount includes average Nursing salary in Arizona for a first year RN, and average RN salary for Bachelors in Nursing, tuition for BSN program, cost of NCLEX testing, cost of RN license, cost of finger print processing. Plaintiff also seeks, release of AAS Degree from Mesa Community College, release of Plaintiff's graduation nursing pin, all paperwork related to Plaintiff's graduation be completed, Mesa Community College nursing records be updated to reflect Plaintiff's successful completion of program, graduation information be sent to Arizona Nursing Board, Plaintiff be given open access to refresher classes free of charge through Maricopa County Community Nursing Program (for a year), and all expenses related to Plaintiff prep for the NCLEX be paid for by the school. Separate from total damages Plaintiff ask for all attorney fees be paid by Defendants. **Damages: $1,417,185.00**

Defendants Cynthia Jepsen, Dr. Sonya Pearson, and Shanel Carter as employees at Mesa Community College agreed to the following, "Federal regulations are laws set forth by the state and federal government. As an employee of MCCCD we are to uphold all state and federal regulations. Failure to do so can result in an unfavorable college reputation, fines and loss of federal aid to the college/student, loss of accreditation, loss of programs, and lawsuits. The following information will assist your understanding of

mandates that are current topics in the media and on college campuses." (Mesa Community College Federal Regulations/Compliance/https://www.mesacc.edu/employees/compliance-service/federal-regulations). The Plaintiff wants a trial by jury.

Date: 9/25/2020

*Darlene Jackson*
Signature of Pro Se Plaintiff
Darlene Jackson
4307 E. Alta Vista
Phoenix, AZ 85042
(602) 668-1309