**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darlene Jackson,<br><br>           Plaintiff,<br><br>v.<br><br>Mesa Community College, et al.,<br><br>           Defendants. | No. CV-20-01869-PHX-DWL<br><br>**ORDER** |

Pending before the Court are Defendant Sonia Pearson's motion to dismiss for failure to state a claim (Doc. 34) and *pro se* Plaintiff Darlene Jackson's motion to compel. (Doc. 40.) For the following reasons, the complaint is dismissed in its entirety with leave to amend and Plaintiff's motion to compel is denied.

**BACKGROUND**

Plaintiff initiated this action in September 2020 (Doc. 1) and then filed a series of amended complaints, many of which were rejected due to non-compliance with the applicable rules (Docs. 5, 8, 9, 13, 20, 22).

On November 24, 2020, Plaintiff filed the Third Amended Complaint ("TAC") (Doc. 22), which is the current operative complaint.[1] In the TAC, Plaintiff, a former student at Mesa Community College ("MCC"), sues MCC and three individual MCC officials—(1) Dr. Sonya Pearson, MCC's former vice president of student affairs and Title IX coordinator, (2) Cynthia K. Jepsen, MCC's compliance coordinator and Title IX

---

[1] The Court clarified this in its December 10, 2020 order. (Doc. 26.)

investigator, and (3) Shanel Carter, MCC's employee development manager and Title IX investigator (collectively, "Defendants")—for violating her constitutional rights. (Doc. 22 ¶¶ 1-9.)

On January 8, 2021, MCC, Carter, and Jepsen[2] filed an answer to the TAC, in which they state as an affirmative defense that the TAC "fails to state any claim upon which relief can be granted" and request that the TAC be dismissed with prejudice. (Doc. 28 at 7.)

On March 9, 2021, Pearson[3] filed a motion to dismiss with prejudice for failure to state a claim (Doc. 34), which is now fully briefed (Docs. 36, 37).

On April 23, 2021, Plaintiff filed a motion to compel discovery (Doc. 40), which is now fully briefed (Docs. 42, 51).

On May 21, 2021, the parties filed a Rule 26(f) joint report. (Doc. 52.)

On June 1, 2021, the Court issued a scheduling order. (Doc. 54.)

## DISCUSSION

I. Legal Sufficiency Of The TAC

**A. Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for

---

[2] These three Defendants were served on October 15, 2020. (Docs. 15, 16, 17.)
[3] Pearson waived service on January 27, 2021. (Doc. 33.)

relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

**B.    Analysis**

In the TAC, Plaintiff alleges that she was a student in the MCC nursing program from August 2016 until December 2018. (Doc. 22 ¶ 5.) For reasons not explained in the TAC, Defendants conducted "two due process investigations" between November 2018 and February 2019. (*Id.* ¶ 2.) Plaintiff alleges these investigations were tainted by various improprieties: among other things, the "[i]nitial investigative tribunal was not impartial," the "allegations were inaccurately documented" or "not investigated," the "[f]inal investigative report" contains "erroneous information and subjective conclusions," and the investigation deviated from MCC's policies. (*Id.* ¶¶ 10-27.) The TAC provides no information as to what happened to give rise to the investigations or what happened as a result of the investigations.

Plaintiff "seeks redress and relief for violations of [her] Fourteenth Amendment rights" and brings this action pursuant to "42 U.S.C. § 1983 Deprivation of Rights." (*Id.* ¶ 4.) The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law," and § 1983 imposes civil liability upon a person "who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any

citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

"The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker v. McCollan*, 443 U.S. 137, 140 (1979). The TAC identifies no such right. Indeed, the facts alleged do not indicate *what happened* to Plaintiff at all.

Although Pearson is the only Defendant who formally moved for dismissal, the Court concludes that the TAC fails to state a claim as to any Defendant in this action and thus dismisses it in its entirety. *See, e.g., Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Macawile v. Pro30 Funding*, 2012 WL 2912349, *3 (E.D. Cal. 2012) ("Defendants' Motion to Dismiss is granted with leave to amend. In addition, because the Court has concluded that Plaintiffs have failed to sufficiently allege facts to support any of their claims, the Court sua sponte dismisses for failure to state a claim as to all remaining Defendants. . . . A court may do so even when the defendant has not made a motion to dismiss.") (citation omitted).

The dismissal is with leave to amend. Although Pearson requested that the dismissal be with prejudice, the only reason she gave was that "Plaintiff has filed numerous amended [c]omplaints already." (Doc. 34 at 12.) Nevertheless, this is the first order addressing the sufficiency of any complaint filed in this action. The Court is not yet ready to conclude that amendment would be futile. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted). "If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action." *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017).

Plaintiff's fourth amended complaint ("FAC") must adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Additionally, Plaintiff is advised that the FAC must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, the FAC shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim asserted against each Defendant, and a good faith demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements are to be set forth in separate and discrete numbered paragraphs, and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Plaintiff is advised that if the FAC fails to comply with the Court's instructions explained in this Order, the action may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). Given this specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff leave to file another amended complaint if the FAC is found to be deficient. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Plaintiff is directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure and is reminded that the Federal Court Self-Service Clinic provides free civil legal help to self-represented litigants. (Doc. 3 at 7 [notice of same].)

1  II.     Plaintiff's Motion To Compel

2         **A.     Relevant Background**

3         As discussed in Part I above, the TAC is deficient because it fails to establish a factual predicate for this action. Nevertheless, in the parties' Rule 26(f) report, Plaintiff attempts to provides more background facts. (Doc. 52.) Although such factual assertions cannot cure the pleading deficiencies in Plaintiff's complaint—a point that Defendants explicitly raise in their portion of the Rule 26(f) report (*id.* at 7 n.1)— the assertions are still helpful in providing the backdrop for the parties' discovery dispute.

         According to Plaintiff, during her final semester as a nursing student at MCC (fall 2018), she dealt with "multiple medical issues related to [her] cancer diagnosis" as well as "family emergencies" including her "sister having multiple heart attacks" and her "fiancé's daughter being shot in the head." (*Id.* at 3.) Plaintiff contends she missed course work as a result of these issues and "was placed on a performance contract." (*Id.*) Plaintiff further contends she was completing clinical work at a hospital where her scheduled work hours were 6:30 a.m. to 6:30 p.m. (*Id.*) On November 19, 2018, Plaintiff arrived at 6:35 a.m. but "was held up at the front desk for identification verification." (*Id.*) Plaintiff started her shift, but later that day was "was advised at the public elevator that she would not be graduating due to her tardy of 25 minutes, while on the performance contract." (*Id.*) On November 29-30, 2019, Plaintiff, the only African-American student in the clinical cohort, met with Carter and Jepsen to file a complaint reporting "discrimination, retaliation and hostile environment related to Plaintiff being African American, Christian and disabled." (*Id.* at 3-4.) Plaintiff contends that during the investigations that followed, "Defendants did not adhere to federal and/or state laws and/or statutes and/or regulations . . . [which] resulted in a violation of Plaintiff's fourteenth amendment right, equal protection under the law and as a student of higher education the right to fundamental fairness in due process of law when there is potential of monetary loss." (*Id.* at 2-3.)

         Meanwhile, Defendants agree in their portion of the Rule 26(f) report that Plaintiff was once a nursing student at MCC and that "the decision was made that she could not

complete the program and was ineligible to graduate" due to Plaintiff's repeated failure "to attend all classes and be prompt and on time." (*Id.* at 6.) However, Defendants assert that "[a]t no time did any of the Defendants discriminate against [Plaintiff], retaliate against [her] or treat [her] in any way different than other students, or in any way impermissible pursuant to District policies, EEO principles and laws, including Title IX, or unfairly." (*Id.*) Defendants maintain that there were "legitimate, non-discriminatory and non-retaliatory reasons for removing the Plaintiff from the nursing program" and deny that the investigations "deviated from appropriate policies" or were conducted in a discriminatory or retaliatory manner. (*Id.* at 6-7.)

On March 8, 2021, Plaintiff served Defendants with a letter that included various requests for production ("RFP") under Rule 34. (Doc. 40 at 17-24.)[4] In a nutshell, Plaintiff demanded that Defendants produce a copy of any document "that mention[s] Plaintiff by name or reference." (*Id.*) In response, Defendants initially informed Plaintiff via email that her RFPs were premature because the Rule 26 conference had not yet occurred. (Doc. 42-1 at 2.) Later, Defendants wrote a formal response letter to Plaintiff in which they objected to the RFPs on a variety of grounds, including the following:

> In essence, you have requested . . . documents that mention, reference or infer your name. Respectfully, those 'requests' are not focused. Simply because a document may have your name on it does not mean that it has anything to do with this incident. In addition, I have no idea how to identify a document that 'infers' your name. Thus, the requests are vague, overly broad and not proportional to the needs of the case. Please restate your Rule 34 [RFPs] [to] provide[] a focus that is appropriate to this case and consistent with the Rules of Civil Procedure.

(*Id.* at 4.)

On April 23, 2021, Plaintiff filed the pending motion to compel. (Doc. 40.) In the accompanying certification of good-faith conferral, Plaintiff states that before she received Defendants' substantive objections to her RFPs, she proposed that the parties call the Court's chambers and request a hearing to discuss discovery issues but Defendants'

---

[4] Although the letter itself is undated, Plaintiff asserts in her motion that it was served on March 8, 2021 (Doc. 40 at 2) and Defendants acknowledge in their response that March 8, 2021 was the service date (Doc. 42 at 4).

counsel declined this invitation and instead insisted on sending the objections. (*Id.* at 13-14.) The certificate does not reflect that the parties engaged in any meet-and-confer efforts after Plaintiff received Defendants' objections. (*Id.*) Additionally, the motion is not accompanied by the separate statement required by LRCiv 37.1(a).

On May 7, 2021, Defendants filed a response to the motion to compel. (Doc. 42.) Among other things, it includes an avowal that "no communication with Plaintiff transpired" after Defendants sent their substantive objections to the RFPs. (Doc. 42 at 5.)

On May 21, 2021, Plaintiff filed a reply. (Doc. 51.) Enclosed as an attachment is what appears to be a renewed set of RFPs that Plaintiff sent to Defendants on May 4, 2021—that is, several weeks after Plaintiff filed her motion to compel a response to the initial set of RFPs. (Doc. 51-1 at 32-36.) These RFPs appear to be narrower and more focused than the original RFPs. For example, the first requests all documents "that mention and/or reference Plaintiff by name and/or inference to investigations conducted by [MCC] between November 19, 2018 to this present date, between any and or all of [certain specified] parties." (*Id.* at 35.)

On May 28, 2021 and June 1, 2021, Plaintiff filed three notices of errata related to her briefing of the motion to compel. (Docs. 55, 57, 58.)

### B.     Legal Standard

Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" when the non-moving party "fails to produce documents . . . as requested under Rule 34." Any such motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it without court action." *See* Fed. R. Civ. P. 37(a)(1).

Rule 26(b), in turn, defines the "Scope and Limits" of discovery. Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy,

the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[5] Under Rule 26(b)(1), "[i]nformation . . . need not be admissible in evidence to be discoverable."

As for the burden of proof, "the party seeking to compel discovery has the initial burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)." *Doe v. Swift Transp. Co.*, 2015 WL 4307800, *1 (D. Ariz. 2015). This "is a relatively low bar." *Continental Circuits LLC v. Intel Corp.*, 435 F. Supp. 3d 1014, 1018 (D. Ariz. 2020). *See generally* 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 26, at 801-02 (2021) ("For discovery purposes, courts define relevance broadly, stating that information is relevant if it bears on or might reasonably lead to information that bears on any material fact or issue in the action. . . . [C]ourts are quick to point out that discovery is concerned with relevant information—not relevant evidence—and that as a result the scope of relevance for discovery purposes is necessarily broader than trial relevance.") (footnotes and internal quotation marks omitted). If the movant meets its burden of establishing relevancy, "the party opposing discovery has the burden to demonstrate that discovery should not be allowed due to burden or cost and must explain and support its objections with competent evidence." *Doe*, 2015 WL 4307800 at *1.

Finally, LRCiv 37.1(a) provides that when, as here, a party files a motion to compel under Rule 37(a)(3)(B), "the moving party shall set forth, separately from a memorandum of law, the following in discrete, distinct, numbered paragraphs: (1) the question

---

[5]   The current version of Rule 26(b)(1) was enacted in 2015. An earlier version provided that the requested material had to be "relevant to the subject matter involved in the pending action," and the Ninth Circuit has recognized that the change in 2015 (under which "the 'subject matter' reference [was] eliminated from the rule, and the matter sought must [now] be 'relevant to any party's claim or defense'") "was intended to restrict, not broaden, the scope of discovery." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020). *See also* Fed. R. Civ. P. 26, advisory committee's note to 2015 amendment (noting that Rule 26(b)(1) was amended in 1983 in part "to encourage judges to be more aggressive in identifying and discouraging discovery overuse," that the "clear focus of the 1983 provisions may have been softened, although inadvertently, by [subsequent] amendments," and that the 2015 amendment was intended in part to "restore[] the proportionality factors to their original place in defining the scope of discovery").

propounded, the interrogatory submitted, the designation requested or the inspection requested; (2) the answer, designation or response received; and (3) the reason(s) why said answer, designation or response is deficient."

### C. Analysis

Plaintiff's motion to compel, to the extent it is not moot, is procedurally and substantively flawed. The first procedural flaw arises from the parties' meet-and-confer efforts (or lack thereof). Although the record reflects that the parties engaged in various meet-and-confer efforts *before* Defendants served their substantive objections to the RFPs, it does not appear that Plaintiff met and conferred with Defendants' counsel *after* receipt of those objections in an attempt to address them. This failure implicates Rule 37(a)(1), which requires a certification of good-faith conferral efforts.

The second procedural flaw concerns LRCiv 37.1(a). As noted, that rule provides that when a party files a motion to compel, it must "set forth, separately from a memorandum of law," various categories of information "in separate, distinct numbered paragraphs." Plaintiff did not comply with that requirement here.

Putting aside these procedural missteps, Defendants' objections to the challenged RFPs are well taken. As written, the RFPs seek the production of any document that mentions Plaintiff "by name or reference." There is no time limitation and no subject matter limitation. As Defendants correctly state in their response: "The document request is, quite frankly, a poster child request of a fishing expedition. Plaintiff has been a matriculated student at [MCC] for years, and locating each and every document, no matter when or what the document references, that mentions Plaintiff's name and/or infers her name is certainly beyond the scope of relevant and proportional discovery . . . ." (Doc. 42 at 7.)

Finally, it appears that Plaintiff has now propounded new RFPs to Defendants that contain some of the time and subject matter limitations that were missing from the original batch of RFPs. To the extent Plaintiff intended for her new RFPs to supersede her original RFPs (an issue left unclear by the parties' briefing), the motion to compel as to the original

RFPs is moot.

Accordingly, **IT IS ORDERED** that:

(1)   Pearson's motion to dismiss (Doc. 34) is **granted**.

(2)   The TAC (Doc. 22) is **dismissed** with leave to file a Fourth Amended Complaint ("FAC") by **July 2, 2021**.  The FAC must adhere to LRCiv 7.1 and this order.

(3)   If Plaintiff fails to file a FAC by **July 2, 2021**, the Clerk of Court shall terminate this action and enter judgment accordingly.

(4)   Plaintiff's motion to compel (Doc. 40) is **denied**.

Dated this 4th day of June, 2021.

Dominic W. Lanza
United States District Judge