**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darlene Jackson, | No. CV-20-01869-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Mesa Community College, et al., | |
| Defendants. | |

Pending before the Court is *pro se* Plaintiff Darlene Jackson's motion for reconsideration of the Court's October 29, 2021 order dismissing her fourth amended complaint ("FAC") without leave to amend. (Doc. 68.) For the following reasons, the motion is denied.

Motions for reconsideration are disfavored and should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2(g). Reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).

Plaintiff seeks reconsideration of the portion of the Court's order dismissing her § 1983 claim. (Doc. 68 at 2.) This claim was brought against only one defendant, Mesa Community College ("MCC"). (Doc. 61 at 39.) The Court concluded that there were no allegations in the FAC "that the MCC officials at issue were acting pursuant to an official

policy, practice, or custom or were officials with final policy-making authority." (Doc. 66 at 13.) Plaintiff argues that this conclusion was manifest error because the FAC "shows a pattern of conduct in which the Defendants, during two discrimination complaints filed by Plaintiff, did not adhere to [Maricopa County Community College District ("MCCCD")] Discrimination Compliant [sic] Procedures For Students, which were in place to prevent discrimination in education and eradicate the hostile environment it promotes." (Doc. 68 at 2.) Plaintiff asserts that "Defendants' actions show a pattern of conduct that may infer a custom violation" (*id.*), relying on *Shaw v. State of California Dep't of Alcoholic Beverage Control*, 788 F.2d 600 (9th Cir. 1986).

As the Ninth Circuit explained in *Shaw*:

> Municipalities, their agencies, and their supervisory personnel cannot be held liable under section 1983 on a theory of *respondeat superior*. They can, however, be held liable for deprivations of constitutional rights resulting from their policies or customs. The plaintiffs need not specifically allege a custom or policy; it is enough if the custom or policy can be inferred from the allegations of the complaint.

788 F.2d at 610 (internal citations omitted).

In *Shaw*, the plaintiffs, who owned and operated a bar, sued the city and police department, alleging that "for a period of almost four years San Jose police officers entered the bar as many as 18 times a shift, repeatedly brought police officers from other jurisdictions into the bar, attempted on more than one occasion to persuade the Shaws' employees to quit, tried more than once to dissuade customers from entering the bar, and arranged for multiple regulatory inspections by other City agencies . . . because the Shaws are black," whereas "other bars, owned by whites, were not treated in the same manner." *Id.* The Ninth Circuit had no trouble concluding that these allegations established "a pattern or a series of incidents" of unconstitutional discrimination "sufficient to withstand a motion to dismiss." *Id.*

*Shaw* is distinguishable from the facts at hand. The "pattern" or "series" of incidents in Shaw included *four years* of varied incidents, some of which apparently occurred many times each day ("18 times a shift"). *Id.* Here, the discriminatory conduct

Plaintiff alleges—receiving consequences as a result of tardiness, in contrast to apparent leniency toward one non-black tardy student—occurred twice, within a short time span. This is insufficient to establish the existence of "a deliberate policy, custom, or practice that was the moving force behind the [alleged] constitutional violation." *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). *See Segal v. Los Angeles Cty.*, 852 F.2d 1290 (9th Cir. 1988) ("While a single decision by a municipal policymaker may sometimes satisfy *Monell's* municipal policy requirement, the acting official must be directly responsible for establishing final government policy on the activity involved and not just have discretion in carrying out his duties. In contrast to *Pembaur,* this case showed only spontaneous decisions made, not by authorized policymakers, but rather by . . . employees of the county. Thus, Segal cannot rely solely on the specific facts of this case but must produce some evidence of a county policy . . . ."); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83 (1986) ("Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable. . . . We hold that municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.").

To the extent that Plaintiff argues that the investigations into her complaints did not adhere to the official policy as to how such investigations should be conducted, Plaintiff has not alleged that the failure to adhere to this policy was race-based discrimination or that investigations into complaints made by non-black students are conducted differently. Moreover, the allegation that an official policy exists—and that individuals (who are not policymakers) failed to adhere to this official policy and that this

nonadherence was discriminatory—undermines Plaintiff's argument that MCC should be held liable. *Pembaur*, 475 U.S. at 479-80 ("The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible. *Monell* reasoned that recovery from a municipality is limited to acts that are, properly speaking, acts 'of the municipality'—that is, acts which the municipality has officially sanctioned or ordered.").

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 68) is **denied**.

Dated this 18th day of November, 2021.

_____
Dominic W. Lanza
United States District Judge